# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| **FELIPE MORENO** | **CIVIL ACTION NO. 3:11-cv-1738** |
| **LA. DOC #447257** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **EARNESTINE COLEMAN,** | |
| **ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Felipe Moreno, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on September 12, 2011.  Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the River Bend Detention Center (RBDC), Lake Providence, Louisiana, but he was incarcerated at the East Carroll Detention Center (ECDC) when he filed his complaint.  He complained about inadequate medical care at that facility and sued Nurse Coleman, Dr. Baily, and Warden Ronnie Harris. He prayed for an order directing the defendants to transfer him to an LDOC facility, an order directing the LDOC to investigate the qualifications of the ECDC medical staff, and, an order directing the LDOC to investigate the "procedures" employed at ECDC and at Dr. Baily's office. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

### *Background*

On August 4, 2011, plaintiff was housed at the ECDC; on that date he claims that he was

bitten by a spider while sleeping. The following day he requested sick-call and was seen by Nurse Coleman.  When plaintiff advised her that he had been bitten on his lower back, Nurse Coleman indicated that she did not want to examine his buttocks. According to plaintiff, the wound from the bite was swollen and continued to swell during the weekend of August 6-7, 2011.

During the evening of August 7, the wound "burst open," and on August 8 plaintiff again requested sick-call. Nurse Coleman was advised of the situation; however, she refused to examine the wound and instead made an appointment for plaintiff with a local physician.  Plaintiff returned to his dorm.

On August 9, 2011, he was transported to Dr. Baily's office in Lake Providence. Baily observed the wound from a distance of approximately three feet and concluded that plaintiff had a boil.  According to plaintiff the wound was not cleaned by either the physician or his nurse. Dr. Baily provided a prescription for antibiotics and plaintiff was returned to the prison.  Upon his return to ECDC, plaintiff requested bandages, pads, and hydrogen peroxide from the nurse; however, Nurse Coleman advised that Dr. Baily instructed that the wound remain open and so she refused the supplies requested by plaintiff.  Plaintiff requested medical supplies from the dorm guard and shortly thereafter he was provided pads and hydrogen peroxide which he used to clean his wound.

On some unspecified date, while plaintiff was seeking medical attention, Assistant Warden Ronnie Harris threatened with disciplinary sanctions and loss of good time credits "... for what I'm doing pertaining to my health..."

As noted above, plaintiff prayed for injunctive relief – an order directing his transfer to another facility and an investigation of the procedures and qualifications of the health care professionals who were involved in his care and treatment.

2

*Law and Analysis*

*1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983,  the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; 28 U.S.C.§1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).  A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations.  *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1949,  173 L.Ed.2d 868 (2009)(A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

3

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff's complaint adequately sets forth his claim for relief; further amendment is not necessary.

## 2. Medical Care

Plaintiff complains that Dr. Baily, Nurse Coleman, and others have failed to provide the appropriate care for his medical condition. The constitutional right of a convicted prisoner to safe conditions of confinement and prompt and adequate medical care is based upon the Eighth Amendment's prohibition of cruel and unusual punishment. Rights guaranteed under the Eighth Amendment are violated only if the defendants act with deliberate indifference to a substantial risk of serious harm which results in injury. Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm.  Mere negligence or a failure to act reasonably is not enough. The defendants must have the subjective intent to cause harm. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Thus, in order to establish an actionable constitutional violation a plaintiff must allege facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and

safety. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials " 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted). Plaintiff's pleadings fall far short of alleging facts sufficient to establish deliberate indifference on the part of any of the defendants identified in his pleadings. As a matter of fact, it is manifestly obvious that plaintiff simply disagrees with the decisions of the health care professionals who were responsible for his treatment. Plaintiff's disagreement with their treatment choices falls far short of establishing deliberate indifference since mere disagreement with medical diagnosis or treatment does not state a claim under the Eighth Amendment. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997), citing *Young v. Gray*, 560 F.2d 201, 201 (5th Cir.1977); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir.1985).

Furthermore, deliberate indifference is not the equivalent of negligence; deliberate indifference "describes a state of mind more blameworthy than negligence." *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Under the deliberate indifferent standard, it is not sufficient that defendants should have known of a substantial risk; they must have actual knowledge of the risk and must thereafter have ignored it. In other words, a civil rights plaintiff must allege and prove that each of the defendants knew of and then disregarded an <u>excessive risk</u> of injury to him, and, that they were both aware of the facts from which the inference could be drawn that a <u>substantial risk of serious harm existed</u>, <u>and that they drew that inference</u>. *Id.* at 837. Plaintiff has not identified any "serious harm" that has befallen him as a result of the defendants'

treatment choices.

In short, plaintiff has failed to state a claim for which relief may be granted.

### 3. Transfer and Investigation

In addition, even if plaintiff had established deliberate indifference, his complaint would still be subject to dismissal. Plaintiff seeks only his transfer to another facility where he can receive adequate medical attention and an investigation into the qualifications of and procedures employed by the ECDC health care team.  However, such relief is not available, even if plaintiff's medical care claims are otherwise meritorious.

Plaintiff is an LDOC inmate.  Under Louisiana law, "any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Louisiana Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. The director of corrections shall assign each newly committed inmate to an appropriate penal or correctional facility. The director may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training and security needs established by the department..." La. R.S.15:824(A) (emphasis supplied).

Plaintiff is an LDOC inmate and therefore his placement is solely within the purview of the LDOC. Broad discretionary authority must be afforded to prison administrators because the administration of a prison is "at best an extraordinarily difficult undertaking."  *Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974) To hold that any substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts. *Meachum v. Fano*,

6

427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948).

Prisoners simply do not have a constitutionally derived liberty interest in being held in any particular institution. *See Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); *Adams v. Gunnell*, 729 F.2d 362, 368 (5th Cir. 1984); *Oladipupo v. Austin,* 104 F.Supp.2d 643 (W.D.La. 2000).

Therefore, to the extent that plaintiff seeks an order directing the defendants to transfer him to another prison, his claim should be dismissed for failing to state a claim for which relief may be granted.

His request for an order directing the LDOC to conduct an investigation likewise fails. As noted above, the administration of prisons is "at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539. Federal courts do not "supervise the day-to-day administration of prisons." *Meachum v. Fano*, 427 U.S. 215, 224 (1976).

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to

file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

In Chambers, Monroe, Louisiana, January 12, 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

8